UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIA TANAY KING, | Civil Action No.: 17-13276 |
| | Honorable David M. Lawson |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

_____/

### REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 19, 22]

Plaintiff Tia Tanay King appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her applications for Supplemental Security Income benefits (SSI) and Disability Insurance Benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the Court **RECOMMENDS** that:

- King's motion [ECF No. 19] be **DENIED**;

- the Commissioner's motion [ECF No. 22] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

## I. BACKGROUND

### A. King's Background and Disability Applications

Born January 20, 1982, King was 28 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. [ECF No. 11-2, Tr. 25]. King has a high school education and has prior work history as a security guard and a sorter. *Id.* She alleges a disability due mainly to scoliosis, depression and bipolar disorder. [ECF No. 11-3, Tr. 72].

After a hearing on June 7, 2016, during which King, her sister and a vocational expert (VE) testified, the ALJ found that King had not been under a disability from March 5, 2010, through the date of his decision. [ECF No. 11-2, Tr. 27]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [ECF No. 11-2, Tr. 1-6]. King timely filed for judicial review. [ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

2

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC) and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.
[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c); § 920(c).

Applying this framework, the ALJ concluded that King was not disabled. [ECF No. 11-2, Tr. 27]. At the first step, he found that King had not engaged in substantial gainful activity since March 5, 2010, the alleged onset date. [ECF No.11-2, Tr. 22]. At the second step, he found that King had the severe impairments of scoliosis, depression and bipolar disorder. [*Id.*] Next, the ALJ concluded that none of King's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*]

Between the third and fourth steps, the ALJ found that King had the RFC to perform sedentary work, except that she must:

> avoid climbing ropes, ladders or scaffolds, and crawling; only occasional posturals otherwise; avoid hazards including, but not limited to, unprotected heights; would require [] sit/stand options, but by exercising this option would be off task less than 10 percent of any given workday; capable of understanding, remembering and executing work commensurate with unskilled work with SVP 1 or 2.

[ECF No. 11-2, Tr. 23]. At step four, the ALJ found that King was not capable of performing her past relevant work as a security guard or sorter. [*Id.*, Tr. 26]. At the final step, after considering King's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that King could perform, including positions as bench work/assembly, sorting, and product finishing

4

(buffing, polishing, coating). [*Id.*, Tr. 27]. As such, the ALJ concluded that King had not been under a disability from March 5, 2010, through the date of his decision. [*Id.*]

## II.   ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

King's primary argument is that the ALJ failed at step three of the sequential evaluation by concluding that her impairments failed to meet or medically equal a listed impairment. She also contends that the RFC assessment is not supported by substantial evidence and that the Commissioner ignored her mental limitations at step five. For the reasons

that follow, the Court concludes that there is no reversible error in the ALJ's equivalency determination, and that substantial evidence supports the RFC finding and step five conclusions.

**A.**

King contends that the ALJ erred at step three by failing to properly analyze the issue of equivalency with respect to Listings 1.04 (disorders of the spine) and 12.03 (schizophrenia spectrum and other psychotic disorders). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.04, 12.03. [ECF No. 19, PageID.549]. The Commissioner argues that the ALJ's step three determination is proper and is supported by substantial evidence. [ECF No. 22, PageID.579].

The regulations do not require an ALJ to address every listing. "[T]he ALJ need not discuss listings that the applicant clearly does not meet, especially when the claimant does not raise the listing before the ALJ. If, however, the record 'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing." *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)).

Social Security regulations require that "the judgment of a physician (or psychologist) designated by the Commissioner on the issue

6

of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." SSR 96–6p, 1996 WL 374180, at *3 (July 2, 1996). Most courts in this district agree that a medical opinion on the issue of equivalency is necessary at the administrative hearing stage. *See, e.g., Fowler v. Comm'r of Soc. Sec.*, No. 12–12637, 2013 WL 5372883, at *4 (E.D. Mich. Sept. 25, 2013) ("[O]nce a hearing is requested, SSR 96–6p is applicable, and requires a medical opinion on the issue of equivalence."). But the lack of an opinion can be harmless error. *See Bukowski v. Comm'r of Soc. Sec.*, No. 13-CV-12040, 2014 WL 4823861 (E.D. Mich. Sept. 26, 2014) (harmless error when "remand for further medical opinion would yield the same conclusions already reached by the ALJ.").

King bears the burden of showing that her impairments meet or equal a listing, and that any error on the part of the ALJ was not harmless. *Roby v. Comm'r of Soc. Sec.*, 48 F. App'x 532, 536 (6th Cir. 2002); *Willis v. Comm'r of Soc. Sec.*, No. 12-10011, 2013 WL 718506, at *5 (E.D. Mich. Feb. 27, 2013). "An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment." *Roby*, 48 F. App'x at 536. Unless all the requirements for a

listing are met, the claimant does not satisfy the listing. *Id.* (citing *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987)). A review of the evidence shows that the ALJ's finding that King does not satisfy Listings 1.04 and 12.03 is supported by substantial evidence.

**1.**

King rightly points out that the ALJ only made a cursory reference to Listing 1.04 before concluding that her condition did not meet the criteria for the Listing. [ECF No. 11-2, Tr. 22]. Even so, the ALJ's conclusions regarding Listing 1.04 are supported by substantial evidence. For example, the ALJ identified inconsistent records regarding King's straight-leg raising, and that her treatment had been inconsistent. [ECF No. 11-2, Tr. 24]. The ALJ also noted the findings of consultative examiner, Cynthia Shelby-Lane, M.D., who indicated that King did not use an assistive device during the examination, and had a normal straight leg raise while sitting. [*Id.*] The ALJ is not required to include the same analysis in multiple parts of the decision or "arrange the decision in a particular manner" in order to satisfy the regulations. *Gower v. Comm'r of Soc. Sec.*, No. 13-14511, 2015 WL 163830, at *28 (E.D. Mich. Jan. 13, 2015). King's contention that the ALJ's analysis is facially insufficient fails for these reasons.

King also fails to make a substantive argument that her impairments met and/or equaled Listing 1.04; indeed, she does not identify what subsection of Listing 1.04 or what evidence the ALJ failed to consider. It is not the Court's role to develop this argument for her. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (party cannot leave it to court to put flesh on the bones of an insufficiently developed argument). And this Court's review of the evidence leads to a conclusion that the ALJ's finding that King's impairment did not meet or equal Listing 1.04 is supported by substantial evidence.

> Listing 1.04A requires:
>
> Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A. With respect to her scoliosis, the ALJ noted that the first record of treatment was in July 2011. [ECF No. 11-2, PageID.58]. While some records noted tenderness to palpation, and positive straight leg raising, the ALJ concluded that these findings were not consistent. [*Id.*] For example, the ALJ noted that King had a one-year gap between treatment from March 2012 until April 2013. [*Id.*] And although King continued to treat at Beaumont Family Medical Center, the last record

9

of her complaining of back pain was in April 2015. [ECF No. 11-7, Tr. 378]. The records additionally indicated that King received medication for pain (as needed), but it is unclear if King was taking her medications as prescribed. [ECF No. 11-7, Tr. 379, 380]. King's medical providers had also recommended physical therapy and surgery, but King failed to follow up with these treatments. [ECF No. 11-7, Tr. 380, 398].

The ALJ also considered the opinion evidence as it related to King's scoliosis. In March 2013, King's physical therapist completed a medical needs form in which he indicated that King could not work because of low back pain and scoliosis, but there were no limitations indicated in terms of lifting and carrying. [ECF No. 11-7, Tr. 372]. The ALJ afforded no weight to this opinion as it was not completed by an acceptable medical source. [ECF No. 11-2, Tr. 24]. This reasoning comports with the regulations. *Bis v. Colvin*, No. 14-cv-11530, 2015 WL 1849400, at *4 (E.D. Mich. Apr. 22, 2015) (physical therapist not a treating source) (citing 20 C.F.R. 404.1513(a)(1-4); (d)(1)).

Katherine Rollinger, D.O., completed a subsequent medical needs form in November 2014. [ECF No. 11-7, Tr. 370-72]. She opined that King needed assistance with meal preparation, shopping, laundry and housework because of scoliosis and lumbar disc disease. [*Id.* at 370]. Dr.

10

Rollinger also indicated that, although King's condition was stable, King could never lift or carry more than ten pounds, and has difficulty with simple grasping, but she does not require an assistive device for ambulation. [*Id.* at 371]. The ALJ gave little weight to Dr. Rollinger's opinion as it was inconsistent with the treatment records, which did not indicate any of the stated limitations. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). While King says that the ALJ erred, she does not identify what evidence supports her argument. In fact, King acknowledges that there is no medical source statement or other evidence in the record regarding her physical limitations other than Dr. Rollinger's opinion. [ECF No. 19, PageID.563]. Again, it is not this Court's job to put flesh on the bones of her argument. *McPherson,* 125 F.3d at 995-96. And the Court's own review of the record renders a conclusion that the ALJ did not err in giving Dr. Rollinger's opinion little weight.

As noted above, in August 2014, Dr. Shelby-Lane performed a consultative examination. [ECF No. 11-7, Tr. 346-52]. Dr. Shelby-Lane stated that King had a cane, but that she did not use it during the examination. [*Id.* at 348]. King had a slow gait, and tandem heel and toe walk was done slowly. [*Id.*] Straight leg raising was positive while lying

11

down, but normal when sitting. [*Id.*] The ALJ wrote that Dr. Shelby-Lane did not opine on King's functional limitations, but in fact the doctor indicated that King retained some ability to perform all functions. [ECF No. 11-2, Tr. 24; ECF No. 11-7, Tr. 351]. King catalogues Dr. Shelby-Lane's findings, but again does not specifically identify how those findings would support a listing. [ECF No. 19, PageID.562-63]. King has not sustained her burden of showing that her impairments meet or equal Listing 1.04, or that any error on the part of the ALJ was not harmless. *Roby,* 48 F. App'x at 536; *Willis,* 2013 WL 718506 at *5.

**2.**

King next argues that the ALJ erred by not reviewing whether her mental impairments met or equaled Listing 12.03, Schizophrenia Spectrum and Other Psychotic Disorders, and should have been considered at step three. [ECF No. 19, PageID.549-59]. The Commissioner contends that the ALJ did not err because the record does not contain evidence from an acceptable medical source that King had a medical determinable impairment that met or equaled that listing. [ECF No. 22. PageID.581-82].

The ALJ considered whether King's severe mental impairments of depression and bipolar disorder met or equaled Listing 12.04. [ECF No. 11-2, Tr. 22-23]. The records show that King has been diagnosed with

12

major depressive disorder and bipolar disorder by her providers and by the consultative examiner, Dr. Shelby-Lane. [ECF No. 11-7, Tr. 337-39, 344, 348, 368]. King points specifically to the consultative evaluations of Nick Boneff, Ph.D., and Elaine Tripi, Ph.D., together with an evaluation done at Eastwood Clinic that allegedly documented her ongoing delusions and/or hallucinations, disorganized thinking, and grossly disorganized behavior to support her argument that the ALJ failed to consider these findings in making a step three determination.

    The ALJ noted that Dr. Boneff performed a consultative examination in August 2014 "which showed a very strong indication that the claimant was exaggerating her symptoms and/or malingering." [ECF No. 11-2, Tr. 25]. Referring to Dr. Boneff's report, the ALJ indicated that King's answers were tangential, loose and at times possibly absurd. [*Id*; citing ECF No. 11-7, Tr. 340-44]. Dr. Boneff indicated that there was "insufficient medical evidence or clinical data to make a definitive diagnosis with regard to [King's] psychiatric disorders." [*Id.* at Tr. 343]. The ALJ also discussed Dr. Tripi's March 2016 conclusions, including a scale IQ score of 53, which placed King in the extremely low range of intelligence, as not supported by record. [ECF No. 11-2; citing Tr. 467-75]. The ALJ determined that there was nothing in the record to demonstrate that King had such low

13

intellectual functioning; rather, it was more likely that she "was either exaggerating or malingering her symptoms." [ECF No. 11-2. Tr. 25]. As a result, the ALJ gave no weight to either opinion. Here, King essentially asks the Court to reweigh the consultative examiner's opinions; however, "[i]f the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

King also points to a one-time diagnosis of schizophrenia disorder made at Eastwood Clinic in December 2015, but it is unclear who made the diagnosis as the signature is illegible. [ECF No. 11-7, Tr. 365]. King's motion provides no additional insight into the provider's credentials. It is thus impossible for the ALJ or this Court to determine if the individual making the diagnosis was an acceptable medical source under the guidelines. *See* 20 C.F.R. § 404.1513(a) ("We need evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s)."). Acceptable medical sources include licensed doctors and psychologists, but not nurse practitioners, physician assistants or therapists. 20 C.F.R. § 404.1513(a)(1)-(4); (d)(1). As a

result, King has failed to meet her burden of showing that her mental impairment should have been considered under Listing 12.03. *Sheeks*, 544 F. App'x at 641; *Abbott*, 905 F.2d at 925.

King also argues that the RFC is not supported by substantial evidence, but her entire argument is, "For the above reasons, plaintiff avers that the ALJ's RFC assessment lacked substantial evidence."[3] [ECF No. 19; PageID. 565]. The Court will not attempt to put flesh on the bones of this cursory argument, *McPherson*, 125 F.3d at 995-96, and the Court's independent analysis of the evidence confirms that substantial evidence supports the ALJ's RFC conclusions.

## B.

King's final argument is that the ALJ erred at step five of the sequential analysis by concluding that she is capable of performing substantial gainful activity. [ECF No. 19, PageID.565]. This argument is

---

[3]Although the issue is not raised by King, the Court points out that the ALJ complied with the Sixth Circuit's recent decision in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 932-34 (6th Cir. 2018), in conducting a "fresh review [of the evidence from] a new application." *Id.* at 934. As noted in *Earley*, a claimant "should not have high expectations about success if the second filing mimics the first one and the individual has not reached any new age (or other) threshold to obtain benefits." *Id.* Here, King's current filing includes substantially the same impairments as her original application, she remains in the same "younger individual" age category, and there have been relatively few changes in her condition. [*Compare* Tr. 22-26 *with* Tr. 58-61].

15

without merit because it is essentially a repackaged challenge to the RFC finding. *See, e.g., Kirchner v. Colvin*, No. 12-CV-15052, 2013 WL 5913982, at *11 (E.D. Mich. Nov. 4, 2013) (Plaintiff's step five argument is a "veiled attack" on the RFC when the hypothetical is identical to the RFC assessment). In fact, King's specific contention is that a hypothetical question posed to the vocational expert more accurately reflected all of her functional limitations, and that the vocational expert testified that there would be no competitive work for an individual with those limitations. [ECF No. 11-2, Tr. 26-27, 49]. But substantial evidence supports the ALJ's determination of King's RFC, and she has failed to sustain her burden of demonstrating that she requires a more restrictive RFC. *Preslar,* 14 F.3d at 1110. The ALJ's step five determination should therefore be affirmed.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that King's motion [ECF No. 19] be **DENIED**; that the Commissioner's motion [ECF No. 22] be **GRANTED**, and that the ALJ's decision be **AFFIRMED**.

Dated: December 19, 2018

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 19, 2018.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager