UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIA TANAY KING,

      Plaintiff,                                    Case Number 17-13276
                                                   Honorable David M. Lawson
v.                                                    Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT</u>**

      The plaintiff, a former security guard and sorter, filed the present action seeking review of the Commissioner's decision denying her claims for disability benefits and supplemental security income (SSI) under Title II and Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Elizabeth A. Stafford pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge (ALJ). The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Stafford filed a report on December 19, 2018 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and

the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

The plaintiff, who is now 37 years old, filed her applications for disability and SSI benefits on March 24 and 25, 2014, when she was 32. In both applications she alleged a disability onset date of March 5, 2010, the day after a previous application for benefits was denied by an unfavorable ALJ determination. The plaintiff has been diagnosed with scoliosis, depression, and bipolar disorder.

The plaintiff's applications for both disability and SSI benefits were denied initially on September 4, 2014. She timely filed a request for an administrative hearing, and on June 7, 2016, the plaintiff appeared before ALJ Timothy J. Christensen. On July 20, 2016, ALJ Christensen issued a written decision in which he found that the plaintiff was not disabled. On August 4, 2017, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. On October 5, 2017, the plaintiff filed her complaint seeking judicial review of the denial of benefits.

ALJ Christensen determined that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. However, before applying that framework, the ALJ observed as an initial matter that a decision denying the plaintiff's previous applications for benefits on March 4, 2010 was not binding on his deliberations about the plaintiff's condition, because the plaintiff had submitted new material evidence that impacted the residual functional capacity analysis. He considered the evidence in the entire record and made fresh findings. *See Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 932 (6th Cir. 2018) (holding that when an individual files a new application for benefits with a new onset date,

she is entitled to "independent review of it so long as the claimant presents evidence of a change in condition or satisfies a new regulatory threshold").

Proceeding with the five-step framework, the ALJ found that the plaintiff had not engaged in substantial gainful activity since March 5, 2010 (step one); and the plaintiff suffered from scoliosis, depression, and bipolar disorder, impairments which were "severe" within the meaning of the Social Security Act (step two). Discussing Listings 1.04 and 12.04 in the Listing of Impairments, the ALJ found that none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

Before proceeding further, the ALJ determined that King retained the functional capacity (RFC) to perform a range of sedentary work as defined in 20 C.F.R. § 416.967(a), with the following limitations: (1) she must avoid climbing ropes, ladders, or scaffolds; (2) she must avoid crawling; (3) the work must require "only occasional posturals"; (4) the plaintiff must avoid hazards such as unprotected heights; (5) the work must allow a sit/stand option, but the plaintiff would not need to be off task more than 10 percent of any work day due to her exercise of that option; and (6) the plaintiff was capable of understanding and executing work "commensurate with unskilled work with SVP 1 or 2." The ALJ then found that the plaintiff was unable to perform the duties required for her past relevant work as a security guard or sorter, which the ALJ characterized as unskilled in complexity and either sedentary or light in exertional demands (step four).

At step five of the analysis, the ALJ found, based on testimony presented by a vocational expert, that there are jobs in the national economy that the plaintiff could perform, including bench

assembler (30,000 jobs in the national economy), sorting (6,000 jobs), and product finishing (e.g., buffing, polishing, and coating) (15,000 jobs), all of which were unskilled positions with a sedentary level of exertion. Based on those findings, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

The plaintiff raised five arguments in her motion for summary judgment before the magistrate judge, under three topical headings. Under the first heading, she argued that the ALJ committed error at step three of the sequential analysis because he failed to give reasons why her scoliosis and other back problems resulting from a car accident did not meet or exceed Listing § 1.04 of the regulations, covering back disorders. She also argued that the ALJ failed to consider Listing § 12.03, covering schizophrenia and related disorders, when he determined that she did not meet any listed mental impairment.

Under the second heading, the plaintiff argued that the ALJ erred by determining that she could perform work at the sedentary exertional level. She contended that the ALJ disregarded a 2013 medical needs assessment by the State of Michigan reporting that she required the services of an in-home health care aide, and 2014 medical reports stating that she was prescribed narcotics including Fentanyl to manage the severe pain caused by her back condition. The plaintiff also argued that the ALJ erred by ascribing no weight to a mental RFC Assessment prepared by a psychologist and rehabilitation counselor, Elaine Tripi, Ph.D., in which Dr. Tripi concluded that the plaintiff had numerous "extreme" and "marked" limitations on her ability to function, including her ability to concentrate and perform routine tasks, complete a normal work day and work week

without interruptions, interact appropriately with co-workers, and remember and sustain performance of even short and simple work instructions.

In her third topical argument, the plaintiff argued that the ALJ erred because he found that the plaintiff had the capacity to perform a significant number of jobs, despite the vocational expert's answer to a hypothetical which accurately portrayed all of her function limitations, where the expert said that there would not be any jobs that she could perform.

The magistrate judge rejected all of those positions.

The plaintiff filed three objections to the magistrate judge's report and recommendation, which in substance aligned with the positions argued in her summary judgment motion, duplicating substantial sections of her summary judgment brief. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

First Objection

In her first objection, the plaintiff argues that the magistrate judge erred when she constructed a "post hac [*sic*] rationale" for the ALJ's determination that her conditions did not meet Listing 1.04, despite the absence of any analysis of that listing. The plaintiff argues that the

magistrate judge mischaracterized and did not address her position that the total absence of any analysis of the listing criteria left the conclusions of the ALJ untethered to any substantial evidence.

The Commissioner agrees that the magistrate judge misconstrued King's argument directed at Listing 1.04, viewing it as an attack only on the equivalency analysis. The crux of King's criticism is that the ALJ failed to give *any* reasons why the listing did not apply.

It is well known that if "the record 'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing." *Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641 (6th Cir. 2013) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). But there are a couple of reasons why this error, such as it is, does not require remanding the case for further consideration. For one, as the magistrate judge explained, the ALJ made detailed findings about this severe impairment elsewhere in his decision. *See* R&R at 8. No remand is required when, as here, "the ALJ provides minimal reasoning at step three of the five-step inquiry," and the ALJ "made sufficient factual findings elsewhere in his decision to support his conclusions at step three." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 365, 366 (6th Cir. 2014) (noting that the regulations "require only that the ALJ 'consider all evidence in [the claimant's] case record,' 20 C.F.R. § 404.1520(a)(3), and, at step three, 'consider the medical severity of [the claimant's] impairment(s),' *Id.* § 404.1520(a)(4)(iii)").

For another, harmless error analysis applies to agency determinations, *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 535 (6th Cir. 2001), and the plaintiff has not shown how the evidence might support a finding that she meets Listing 1.04. To qualify as "disabled" under a Listing in the Secretary's regulations, a claimant must demonstrate that he or she meets *all* the criteria

contained in the Listing. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986). A procedural error will not require remand unless the plaintiff meets her burden to show that it is at least possible that the evidence could support a listing level impairment. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011). To meet or equal Listing 1.04, a claimant first must prove that she has a "disorder[] of the spine . . . resulting in compromise of a nerve root . . . or the spinal cord," and then must also show evidence of: 1) nerve root compression; 2) limited spinal motion; 3) motor loss accompanied by sensory or reflex loss; and 4) if the condition involves the lower back, positive straight-leg raising tests. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, Listing § 1.04(A). The plaintiff has not identified any evidence in this record that her back impairment compromises a nerve root or her spinal cord. She cannot meet Listing 1.04. "[I]f an agency has failed to adhere to its own procedures, [the Court] will not remand for further administrative proceedings unless 'the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009) (quoting *Connor v. United States Civil Serv. Comm'n,* 721 F.2d 1054, 1056 (6th Cir. 1983)).

The Court will overrule the first objection.

### Second Objection

In her second objection, the plaintiff challenges the magistrate judge's finding that she did not meet her burden of showing that she could have qualified as disabled under Listing 12.03, which applies to schizoaffective disorders. The ALJ did not consider that listing at his step-three determination. One reason for that omission, presumably, is that the step-three analysis requires

the ALJ to "consider [only] the medical severity of [a claimant's] impairment(s)." 20 C.F.R. § 404.1520(a)(4)(iii). Schizophrenia was not among the impairments that the ALJ found at his step-two analysis. Moreover, to qualify for listing level consideration, the impairment must be "severe." 20 C.F.R. § 404.1505(a) (stating that to satisfy the definition of "disability," "you must have a severe impairment(s) that makes you unable to do your past relevant work . . . or any other substantial gainful work that exists in the national economy. If your severe impairment(s) does not meet or medically equal a listing in appendix 1, we will assess your residual functional capacity . . . ."). King did not object to the step-two determination.

However, King says that the record supports a finding that she suffered from schizophrenia, and she points to a record from the Eastwood Clinic that she says supports that diagnosis. There is one treatment note from that clinic that states an Axis I diagnosis of "~~schizophrenia CVT~~ schizoaffective e25.1." Tr. 365. The magistrate judge discounted that record because the signature was illegible, and it could not be determined that an acceptable medical source made the diagnosis. *See* R&R at 14. King argues that even if the signature was illegible and the record failed clearly to identify the medical provider, it should be apparent from the caption of the form, which reads, "Psychiatric Evaluation," that it was prepared by a psychiatrist who was employed by East Clinic, where the plaintiff underwent a psychiatric evaluation. She also points out that she submitted a "Medication Review" form relating to her psychiatric condition, and that a review of medications is the sort of report that only a physician with prescribing authority would perform. The plaintiff contends, moreover, that the ALJ completely disregarded the schizoaffective diagnosis and did not make any findings about the authenticity of the medical reports that the

plaintiff submitted, which was an inquiry indulged only by the magistrate judge. Finally, the plaintiff argues that the magistrate judge did not sufficiently address her objection that the ALJ simply disregarded pertinent medical opinions that consistently suggested she had symptoms of schizophrenia, while offering no basis for selectively crediting the contrary opinion of another evaluator.

It is a fundamental principle that the plaintiff bears the burden of proving entitlement to benefits under Title II and Title XVI of the Social Security Act, which means that the plaintiff must establish that she suffers from a disability, as that term is defined in the Act. *See Boyse v. Sec'y of Health & Human Servs.,* 46 F.3d 510, 512 (6th Cir. 1994); *see also Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990). She must carry that burden through the first four steps of the sequential analysis. *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). To meet Listing 12.03, the plaintiff must point to evidence that she satisfies the paragraph "A" criteria and either the paragraph "B" or "C" criteria of the listing.

To meet the "A" criteria, she must produce:

A. Medical documentation of one or more of the following:
1. Delusions or hallucinations;
2. Disorganized thinking (speech); or
3. Grossly disorganized behavior or catatonia.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.03(A). The medical documentation must come from an acceptable medical source. But here the records do not identify the diagnostician, and there is nothing in the treatment notes that correlate the record with a physician or psychologist. The plaintiff invites the Court to guess that the record was signed by a psychiatrist, but that

invitation does not satisfy her burden. It is not sufficient for the plaintiff to describe her symptoms and then self-diagnose.

Moreover, to meet this listing, the plaintiff also must satisfy the paragraph "B" criteria, which require:

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
> 1. Understand, remember, or apply information (see 12.00E1).
> 2. Interact with others (see 12.00E2).
> 3. Concentrate, persist, or maintain pace (see 12.00E3).
> 4. Adapt or manage oneself (see 12.00E4).

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.03(B). The ALJ determined that King did not meet these criteria when he discussed Listing 12.04, and his conclusion was supported by substantial evidence, when he relied on the opinion of Dr. James Tripp. Tr. 22-23.

The plaintiff's second objection will be overruled.

### Third Objection

In her third objection, the plaintiff argues that the magistrate judge gave short shrift to the substance of all her well-developed arguments challenging the deficient RFC determination, by lumping them all under the reductionist opprobrium that her "entire argument" amounted merely to asserting that the ALJ's determination was unsupported by substantial evidence "for the above reasons." In support of this objection, the plaintiff reiterates substantially verbatim from her summary judgment brief all the criticisms about aspects of her serious limitations that were rejected by the ALJ or not accounted for in the definition of her residual functional capacity.

The essence of the plaintiff's argument is that the ALJ should have adopted the more restrictive RFC that he included in the hypothetical posed to the vocational expert, which yielded

-10-

a response that there would be no competitive work the plaintiff could perform.  *See* Tr. 49.  The magistrate judge properly characterized the plaintiff's argument.

Residual functional capacity is an assessment of the claimant's remaining capacity for work, once her limitations have been considered.  20 C.F.R. §§ 404.1545(a)(3), 416.945(a).  The ALJ's specific determination of RFC must be supported by substantial evidence, but the claimant bears the burden of demonstrating the need for a more restrictive RFC.  *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (noting that "[t]he claimant . . . retains the burden of proving her lack of residual functional capacity") (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999)).

The magistrate judge summarized the ALJ's consideration of the evidence and his treatment of the various opinions in the record.  *See* R&R at 10-11.  That summary appears in the discussion of the plaintiff's argument relating to Listing 1.04, but it makes the point that the ALJ's RFC determination is supported by substantial evidence.  The rule that a hypothetical question must incorporate all the claimant's physical and mental limitations does not divest the ALJ of his obligation to assess credibility and determine the facts.  In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact."  *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).  "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own

assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Although the plaintiff spends considerable space in her brief (as duplicated in her objections) discussing her symptoms and limitations, she has not advanced a viable argument that the ALJ's RFC finding was not based on substantial evidence. His hypothetical question to the vocational expert based on that RFC finding, therefore, was proper, and the non-disability finding was supported by substantial evidence.

The plaintiff's third objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [ECF No. 23] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [ECF No. 27] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [ECF No. 19] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [ECF No. 22] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Date: March 12, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 12, 2019.

                        s/Susan K. Pinkowski
                        SUSAN K. PINKOWSKI